AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# Exhibit 2

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

**Definitions:**

1. The term "Documents" shall mean any kind of written, typewritten, printed, recorded, electronically-stored, computer-stored, computer-produced, or graphic information or material, however produced or reproduced, including, without limitation, emails, text messages, instant messages, brochures, pamphlets, bulletins, prospectuses, drawings, graphs, photographs, microfilms, microfiche, notes, memoranda, letters, reports, plans, account statements, conformations, forms, telegrams, facsimiles, applications, newspaper advertisements and articles, summaries and/or records of telephone conversations, summaries and/or records of personal conversations, summaries and/or records of meetings and conferences, summaries and/or records of negotiations or investigations, diaries, questionnaires, commentaries, notebooks, minutes, calendars, appointment books, analyses, agreements, transcripts of records and recordings, and business records related to the subject matter to which the subpoena refers and including, without limitation, all originals, copies, drafts and/or any other writings in the possession, custody or control of Daybreak Foods, Inc., including its subsidiaries, parent companies, employees, agents, trustees, attorneys and representatives. This definitions includes electronically stored information, whether on a computer, thumb drive, portable external hard drive, mobile phone, smart phone, or any other electronic device, and all metadata connected to electronically stored information, as well as information kept in hard copy format.

2. The term "Communications" shall mean any transfer or exchange between two or more persons of any information in-person, orally, and/or by written or electronic means including, but not limited to, written correspondence, electronic mail sent or received through corporate or

personal email accounts, text message sent or received through corporate or personal accounts, instant message, facsimile and telegram.

3. The term "relating to" means concerning, referring to, describing, reflecting, evidencing or constituting.

4. "Alphia, Inc.," "Alphia," or "you" refers to Alphia, Inc., including its subsidiaries, parent companies, employees, agents, trustees, attorneys, representatives and any individual working on behalf of Alphia.

5. "OvaInnovations, LLC" and "OvaInnovations" refers to OvaInnovations, LLC, including its subsidiaries, parent companies, employees, agents, trustees, attorneys and representatives.

6. David L. Rettig or "Rettig" refers to David L. Rettig, CEO of OvaInnovations.

7. "IsoNova Technologies, LLC" or "IsoNova" refers to IsoNova Technologies, LLC, including its subsidiaries, parent companies, employees, agents, trustees, attorneys and representatives.

8. "Egg Products" refers to egg waste, inedible eggs or unsaleable eggs.

9. "Lawsuit" refers to the lawsuit pending in the United States District Court for the Northern District of Iowa, styled *IsoNova Technologies, LLC v. David L. Rettig and OvaInnovations*, Case No. 20-cv-71.

**Instructions:**

1. All Documents produced pursuant to this Subpoena shall be the original Documents or legible copies and shall be produced in the original or legible copy of the file folder, binder, or other cover or contained where stored unless that is not possible. Whenever a Document or group of Documents is removed from a file folder, binder, file drawer, file box, notebook or other cover

or container, a copy of the label or other means of identification of such other cover or container shall be attached to the Document.

2. All Documents, Communications and ESI produced pursuant to this Subpoena shall be produced in single page TIFF format with document level OCR and load files including all available metadata (to include, but not limited to BegBates, EndBates, AttachRange, BegAttach, EndAttach, ParentID, ChildID, Custodian, FilePath, Subject, From, To, CC, BCC, DateSent, TimeSent, DateReceived, TimeReceived, FileName, Author, DateCreated, DateModified, MD5 Hash, FileSize, FileExtension, DocLink (e.g., .dat, .opt, .lfp). All Excel giles, or similar spreadsheet files, and media files should be produced in their native format. Natively produced Documents and Communications will be accompanied by a TIFF image slip indicating that the document was produced natively.

3. An Amended Stipulated Protective Order has been issued by the Court in the Lawsuit. A copy of the Amended Stipulated Protective Order is attached hereto as Exhibit B. Pursuant to the Amended Stipulated Protective Order, you may designate Documents and Communications produced as "Confidential" or "Highly Confidential" as defined in the Amended Stipulated Protective Order.

**Documents To Be Produced:**

1. All contracts, agreements and letters of intent between OvaInnovations and Alphia executed between January 1, 2020 and the present.

2. All contracts, agreements and letters of intent between Rettig and Alphia executed between January 1, 2020 and the present.

3. All proposed contracts or agreements between OvaInnovations and Alphia between January 1, 2020 and the present.

4. All proposed contracts or agreements between Rettig and Alphia between January 1, 2020 and the present.

5. All communications between OvaInnovations and Alphia between January 1, 2020 and the present relating to IsoNova, OvaInnovations, Rettig or Egg Product.

6. All communications between Rettig and Alphia between January 1, 2018 and the present relating to IsoNova, OvaInnovations, Rettig or Egg Product.

7. All Documents sent from OvaInnovations to Alphia between January 1, 2020 and the present relating to IsoNova, OvaInnovations, Rettig or Egg Product.

8. All Documents sent from Rettig to Alphia between January 1, 2018 and the present relating to IsoNova or Egg Product.

9. All marketing materials received from OvaInnovations or Rettig between January 1, 2018 and the present relating to OvaInnovations.

10. All investor materials received from OvaInnovations or Rettig between January 1, 2018 and the present relating to OvaInnovations.

11. All Alphia internal Documents and Communications created or modified between January 1, 2020 and the present relating to IsoNova, Rettig or OvaInnovations.

12. All documents showing sales of Egg Product from Alphia to OvaInnovations.

13. All documents showing projected sales of Egg Product from Alphia to OvaInnovations.

14. All documents related to any actual or potential investment by Alphia in OvaInnovations.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ISONOVA TECHNOLOGIES LLC,<br><br>Plaintiff(s),<br><br>vs.<br><br>DAVID L. RETTIG and<br>OVAINNOVATIONS, LLC<br><br>Defendant(s). | CASE NO. 20-CV-71-CJW-KEM<br><br>AMENDED STIPULATED<br>PROTECTIVE<br>ORDER |

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in this Amended Stipulated Protective Order ("Protective Order"), these terms have the following meanings:

> "Attorneys" means counsel of record, counsel hired by the parties for business advice related to this litigation, and in-house counsel for either party;

> "Confidential" documents or information are documents or information designated "Confidential" pursuant to paragraphs 2 or 8;

> "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

> "Highly Confidential" documents or information are documents or information designated as "Highly Confidential" pursuant to paragraphs 6 or 8;

> "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its attorneys; and

> "Written Assurance" means an executed document in the form attached as Exhibit A.

1

2.     A party may designate a document "**CONFIDENTIAL**" to protect information within the scope of Fed. R. Civ. P. 26(c), including:

(a) Information prohibited from disclosure by statute;

(b) Information that reveals trade secrets, including but not limited to formulae, patterns, compilations, programs, devices, methods, techniques, processes, or information that derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by a person able to obtain economic value from their disclosure or use and are the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and formulae, patterns, compilations, programs, devices, methods, techniques, processes, or information that are used in one's business that gives one an opportunity to obtain an advantage over competitors who do not know or use it and information that is not known outside the owner's business or generally made available to the public;

(c) Research, technical, commercial, or financial information that the party has maintained as confidential, including sales information, pricing strategies, business planning or strategy information, and proprietary business methods;

(d) Medical information concerning any individual;

(e) Personal identity information;

(f) Income tax returns; and

(g) Personnel or employment records of a person who is not a party to the case.

3.     All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, including any appellate proceedings, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4. However, nothing in this Protective Order applies to a party's own use of material it designated pursuant to this Order. Further, this Protective

Order does not prohibit either party from using materials already in its possession prior to this litigation in any other litigation, arbitration, mediation, or legal proceeding.

4. Access to any Confidential document shall be limited to:

(a) The Court and its staff;

(b) Attorneys and their law firms;

(c) Persons shown on the face of the document to have authored or received it (not including a person who received the document solely in the course of litigation);

(d) Court reporters retained to transcribe testimony;

(e) The parties and the officers and employees of any party who were provided access to the information in order to do their jobs;

(f) Outside independent persons (i.e., persons not currently or formerly employed by any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical, consulting, or expert services, and/or to give testimony in this action;

(g) During their depositions or trial testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(h) Any mediator hired by the parties;

(i) Third-party vendors, including employees and agents thereof, involved in organizing, filing, copying, coding, converting, sorting, or retrieving data, or designing programs for handling data in connection with this action, including the performance of such duties in relation to a computerized litigation support system;

(j) the parties' disclosed insurers and disclosed insurers' counsel; and

(k) Any other individual agreed upon by the parties in writing.

5.      Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential information. Counsel shall maintain the originals of the Written Assurance forms signed by persons acknowledging their obligations under this Order pursuant to their internal record retention practices.

6.      A party may designate a document "**HIGHLY CONFIDENTIAL**" to protect information within the scope of Fed. R. Civ. P. 26(c), including any documents or information that it produces in this litigation that constitutes "confidential" material and additionally contains information that the producing person in good faith believes to constitute highly sensitive business information that could damage its own business or the business of another person to which the information relates if disclosed to a party in the litigation that competes with or is in a business relationship with the producing person or third party. This "Highly Confidential" designation is sometimes known as an "attorneys' eyes only" designation.

All Highly Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, including any appellate proceedings, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 8. However, nothing in this Protective Order applies to a party's own use of material it designated pursuant to this Order.

7.      Access to any "highly confidential" document shall be limited to:

(a) The Court and its staff;

(b) Attorneys and their law firms;

4

(c) Court reporters retained to transcribe testimony;

(d) Outside independent persons (i.e., persons not currently or formerly employed by any party) who are retained by a party or its attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish non-retained or retained expert services, and/or to give testimony in this action;

(e) Any deponent during a deposition where the deponent is (i) a current employee, officer or director of the producing person or any of its affiliates or (ii) an author or recipient of the "highly confidential" material in question;

(f) Third-party vendors, including employees and agents thereof, involved in organizing, filing, copying, coding, converting, sorting, or retrieving data, or designing programs for handling data in connection with this action, including the performance of such duties in relation to a computerized litigation support system;

(g) The parties' insurers' counsel;

(h) Any mediator hired by the parties; and

(i) Any other individual or entity to whom the producing party may consent in writing prior to the disclosure.

8. Third parties producing documents in the course of this action may also designate documents as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" subject to the same protections and constraints as the parties to the actions. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Highly Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order.

9. Except for attorneys and members of their law firms, each person appropriately designated pursuant to paragraphs 4(c), 4(e), 4(f), 4(g), 4(j), 4(k), 7(d), 7(e)(ii), 7(g), and 7(i) to receive Confidential or Highly Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Those designated pursuant to paragraphs 4(d), 4(i), 7(c), and 7(f) do not need to execute a Written Assurance, so long as they have a separate independent duty to maintain confidentiality. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed.

Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosures shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

10. All depositions or portions of depositions (including any relevant exhibits) taken in this action that contain Confidential or Highly Confidential information may be designated "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL**" and thereby obtain the protections accorded other "Confidential" or "Highly Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Highly Confidential" during the 30- day period following receipt of the transcript. If no such designation is made by legal counsel within the 30-day

period, the transcript will be considered not to contain "Confidential" or "Highly Confidential" material. Use at deposition of a document previously designated as Confidential or Highly Confidential will have no effect on its designation. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Highly Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

11. Any party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential" shall, within 21 days of the discovery of its oversight, provide written notice of the error to the other parties and substitute appropriately designated documents. Any party receiving such improperly designated documents shall, upon written notice, retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents and confirm that they have done so in writing to the designating party.

12. If a party files a document containing Confidential or Highly Confidential information with the Court, it must be sealed and filed as provided in LR 5(c) and in compliance with the Electronic Case Filing Procedures for the United States District Court of the Northern District of Iowa. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Highly Confidential," the parties may seek further protections from the Court against public disclosure. The parties may make recommendations to the Court regarding handling of Confidential and Highly Confidential documents at trial, but the presiding judge will make the ultimate decision.

13.  Any party may object to the propriety of the designation of the documents as "Confidential" or "Highly Confidential" by serving a written objection on the designating party's counsel. If the designating party fails to agree to remove or modify the designation in accordance with the objection within 10 days of its receipt of the written objection, the non-designating party may move the Court for an Order declaring such material not Confidential or not Highly Confidential. The party asserting the material is Confidential or Highly Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26 (c).

14.  Nothing in this Protective Order bars or otherwise restricts an attorney herein from rendering legal advice to clients with respect to this litigation and, in the course thereof, referring to or relying on material designated as "Confidential" or "Highly Confidential," so long as the attorney does not provide to his or her client Highly Confidential materials or disclose the information contained therein, unless such access is otherwise permitted under this Protective Order.

15.  In the event an Attorney believes in good faith that a party needs to review "Highly Confidential" information in order to prosecute or defend the case, the Attorney must obtain the prior approval of the Court or the objecting party before making any such disclosure. The Attorney shall notify opposing counsel in writing at least 7 days prior to disclosure of any Highly Confidential information to any party. Such notice shall provide the name and title of the individual(s) to whom disclosure is sought and the exact documents sought to be disclosed, including a Bates Stamp description of the document(s). If a party objects in writing to such a disclosure within 7 days after receipt of notice, no

disclosures shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party. In no event should the party receive a copy of a document designated by the opposing party as Highly Confidential.

16.  Upon final disposition of this action and upon written request of the designating party, the non-designating party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" and "Highly Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within 30 days of the designating party's request. However, attorneys shall be entitled to retain a set of all documents pursuant to their respective internal document retention policies. In addition, attorneys shall be entitled to retain all correspondence and attorneys' notes or other work product generated in connection with the action.

17.  Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

18.  This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information as "Confidential" or "Highly Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action. Further, no action taken or failed to be taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action, or of any position as to discoverability or admissibility of evidence.

19. The obligations imposed by the Protective Order shall survive the termination of this action.

**IT IS SO ORDERED** this  21st  day of      May      , 2021.

*Kelly KE Mahoney*
Kelly K.E. Mahoney
United States Chief Magistrate Judge
Northern District of Iowa

10

# EXHIBIT A

# WRITTEN ASSURANCE

_____ declares that:

I reside at: [full address including county and zip code]

I am currently employed by: [full name and address of company]

My current job title is:

I have read and I understand the terms of the Protective Order dated _____, filed in case No.:_____, pending in the United States District Court for the Northern District of Iowa. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Highly Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall destroy or return to the attorney from whom I received them, any documents in my possession designated "Confidential," "Highly Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Northern District of Iowa for the purpose of enforcing or otherwise providing relief relating to the Protective Order. I acknowledge that violation of the Protective Order may result in penalties for contempt of court.

Name:

Job Title:

Employer:

Business Address:

Executed on: _____    _____
                (Date)                         (Signature)

Subscribed and sworn to before me by the said _____

this ____ day of _____, 20____.

                                        _____
                                        Notary Public in and for the State of _____