IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISONOVA TECHNOLOGIES, LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>OVAINNOVATIONS, LLC, and DAVID L RETTIG,<br><br>               Defendants. | **8:21CV485**<br><br>**ORDER** |

    Plaintiff IsoNova Technologies, LLC filed a trademark infringement action against Defendants OvaInnovations, LLC, and David L. Rettig in the United States District Court for the Northern District of Iowa. <u>IsoNova Technologies, LLC v. OvaInnovations, LLC, et al</u>., 20-CV-00071-CJW-KEM (N.D. Iowa). IsoNova served a subpoena, issued by the Iowa court, on non-party Alphia, Inc., a company located in Pawnee City, Nebraska. Alphia has neither objected nor responded to the subpoena.

    Defendants filed a motion in this forum to quash the Alphia subpoena. (Filing No. 1). Plaintiff has now filed an unopposed motion to transfer the motion to quash to the Northern District of Iowa, (Filing No. 11), and an unopposed motion to extend the deadline for filing a response to the motion to quash, (Filing No. 14). IsoNova argues the Alphia subpoena is practically identical to the subpoena for production of documents that it served on non-party, Daybreak Foods, Inc., and Defendants' motion to quash the Daybreak subpoena is already pending before the Iowa court. See Filing Nos. 12-3, 12-4.

    Pursuant to Fed. R. Civ. P. 45(f), this court may transfer the motion to quash the Alphia subpoena to the issuing court (Iowa) if Alphia consents to the

transfer or if the court finds exceptional circumstances. Alphia did not object to the subpoena, has not responded to it, and has not consented to the transfer.

The court must therefore determine if exceptional circumstances justify transferring the motion to the Iowa court. The underlying action alleges the defendants obtained, accessed, used, retained, and disclosed Plaintiff's confidential, proprietary, and trade secret information. Isonova seeks injunctive relief and damages for misappropriation of trade secrets and tortiously interfering with business expectancies, and for Rettig's alleged breach of confidentiality agreements. Defendants have counterclaimed. See Filing Nos. 12-2, 12-3 and 12-4. The Iowa lawsuit has been pending for nearly a year and a half, with the court called on to decide substantial and voluminous discovery issues. See Filing No. 12-4.

The legal and factual issues of this case are complex, and the issuing court has invested substantial resources toward resolving the parties' ongoing disputes. Any attempt by this court to decide discovery issues already pending or previously decided by the Iowa court poses a substantial risk of inconsistent rulings due, at least in part, to having an incomplete understanding of the case history and any prior representations or compromises made by the parties. Under such circumstances, the court finds exceptional circumstances justify transferring Defendants' motion to quash to the United States District Court for the Northern District of Iowa. See e.g., Hoog v. PetroQuest, LLC, 2021 WL 2907764 (S.D. Fla. 2021); In re Nonparty Subpoenas Duces Tecum, 327 F.R.D. 23 (D.D.C.2018); Duck v. United States Securities and Exchange Commission, 317 F.R.D. 321 (D.D.C. 2016).

Accordingly,

IT IS ORDERED:

1) Plaintiff's unopposed motion to transfer, (Filing No. 11), is granted.

2) The clerk is ordered to transfer Defendants' motion to quash, (Filing No. 1), to the United States District Court for the Northern District of Iowa.

3) Plaintiff's unopposed motion to continue, (Filing No. 14), is granted. Plaintiff's response to the motion to quash the subpoena served on Alphia, Inc. shall be filed on or before January 18, 2022.

Dated January 14, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge